UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



PETER SPALLUTO,

                Plaintiff,

-v-

TRUMP INTERNATIONAL HOTEL & TOWER,

                Defendant.

No. 04 Civ. 7497 (RJS) (HBP)
ORDER ADOPTING REPORT AND
RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

Plaintiff Peter Spalluto seeks compensation for the attorneys' fees and costs associated with his claim against Trump International Hotel & Tower ("Trump") under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). On August 29, 2008, the Honorable Henry Pitman, Magistrate Judge, issued a "Report & Recommendation" ("Report") granting Spalluto a total of $143,639.58 in attorneys' fees and costs. Neither party timely objected to Magistrate Judge Pitman's Report. Accordingly, for the reasons that follow, the Court adopts the Report in its entirety.

I. Background

Peter Spalluto and Access 4 All, Inc., commenced this action against Trump on September 22, 2004, alleging violations of the ADA at a Trump Hotel located at One Central Park West in Manhattan. Plaintiffs asserted that the Hotel's design did not allow full access to disabled individuals as required by law, resulting in thirty-four alleged violations of the ADA and the ADA Accessability Guidelines. On October 12, 2006, the Honorable Kenneth M. Karas, District Judge, partially granted Trump's motion for summary judgment and dismissed the

claims of Access 4 All, Inc., for lack of standing. The case was reassigned to the undersigned on September 4, 2007.

The Court approved a Consent Decree between Plaintiff Spalluto and Trump on December 6, 2007. Pursuant to the Consent Decree, Spalluto voluntarily dismissed his claims against Trump, and Trump committed to make certain renovations to its Hotel located at One Central Park West. As part of the Decree, Trump agreed to make available "8 fully accessible rooms" at the Hotel by September 9, 2009, and to provide training to its staff on accommodating disabled guests. Following approval, the Court retained jurisdiction to enforce the Consent Decree and resolve issues relating to Spalluto's attorneys' fees and costs.

By Order dated August 29, 2008, Magistrate Judge Pitman, to whom this matter had been referred for review, issued a Report recommending that this Court award Spalluto's counsel $125,690.00 in fees and $17,949.58 in costs. Neither party submitted objections within the ten-day period described in the Report for doing so. For the following reasons, the Court adopts Magistrate Judge Pitman's Report in its entirety.

## II. Discussion

### A. Standard of Review

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations of a magistrate judge. *See, e.g., Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 365-66 (S.D.N.Y. 2007); *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149

2

(1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). The Court reviews *de novo* portions of a report to which specific written objections are made. *See* Fed. R. Civ. P. 72(b); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

## B. Analysis

Because neither party has lodged an objection to any portion of the Report, the Court reviews the findings set forth therein for clear error. After a careful review of Magistrate Judge Pitman's well-reasoned Report, the Court concludes that it contains no clear error. Specifically, the Court agrees that Plaintiff is a "prevailing party" under the ADA and concurs with Magistrate Judge Pitman's determinations regarding, *inter alia*, the reduction of attorney and paralegal hours billed (Report at 15-27); the computation of reasonable hourly rates for partners, associates, and paralegals (*id.* at 27-34); the propriety and extent of the lodestar reduction (*id.* at 35-39); the reduction of expert fees and the deduction of certain expert costs (*id.* at 40-42); and the reduction of non-expert costs (*id.* at 45). Thus, the Court adopts the Report in its entirety, and Plaintiff Spalluto's counsel are hereby awarded $125,690.00 in attorneys' fees and $17,949.58 in costs, resulting in a total award of $143,639.58.

SO ORDERED.

Dated: New York, New York
September 30, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3